[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO JOIN AS ADDITIONAL DEFENDANT NO. 108
This case is an action in negligence by the driver of one motor vehicle who alleges negligence resulting from an automobile collision.
The defendant moves to join the Town of Seymour as an additional party defendant pursuant to General Statutes, Sec.52-102. The defendant claims that the granting of this motion will neither delay trial nor work an injustice on the parties, and that the proposed additional defendant is or may be liable for all or part of the plaintiff's alleged claims. Along with that motion, the defendant attached a CT Page 2958 proposed amended complaint. In that proposed amended complaint, the defendant seeks to cause the plaintiff to file an amended complaint which alleges that the sole proximate cause of the collision was due to the defective condition of the highway in violation of General Statutes, Sec. 13a-149.
It is found that the defendant's motion should be denied. Whether this motion is granted or denied is discretionary with the court under Practice Book, Sec. 99: "[I]f a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in." (Emphasis added.)
The present case involves a suit between one motor vehicle driver against another, sounding in negligence. It is not, as the defendant characterizes it in his proposed amended complaint, a case of joint tortfeasors under Tort Reform Act II.
Also, the plaintiff should be entitled to frame his complaint the way he chooses, he should not be forced to bring a cause of action which the defendant causes him to bring. "[T]he charges in the complaint frame the issues to be decided by the hearing tribunal." Veeder-Root Co. v. Commission on Human Rights Opportunities, 165 Conn. 318,329, 334. A.2d 443 (1973).
Further, it is clear that the Town of Seymour is not a necessary party because it has no interest in the case which would mandate the court's granting of this motion.
McGrath, J.